UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
UNITED STATES OF AMERICA      )
                              )
          v.                  )    CRIMINAL NO. 10-10159-PBS
                              )
TODD LYONS,                   )
                              )
              Defendant.      )
                              )
```

**MEMORANDUM AND ORDER**

September 22, 2011

Saris, U.S.D.J.

Defendant, Todd Lyons, charged with engaging in an illegal internet gambling operation and money laundering, has filed a "Supplemental Memorandum in Support of his Motion to Suppress Evidence Seized from 192 Hale Street."[1]  The memorandum was filed after this court's August 25, 2011, Amended Memorandum and Order, which denied the Defendant's motion to suppress.  United States v. Lyons, 2011 WL 3809910 (D. Mass. Aug. 25, 2011).  The Court assumes familiarity with this opinion.

---

[1] The court treats this as a new motion to suppress to the extent it raises a new issue.  The remainder of the memorandum is a rehash of issues raised before, and the court will not re-address them.

The only new issue involves "Addendum A," which specifies the items to be seized from 192 Hale Street. According to the defendant, it was not attached to the original search warrant that was produced by the government during discovery, and he urges the court to draw the inference it was never presented to the state judge. For the purposes of this motion, the government concedes that Addendum A was not attached to the search warrant presented to the judge. Defendant contends that the failure to attach Addendum A to the search warrant presented to the state judge justifies suppression of the fruits of the search.

The Fourth Amendment states that "no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV (emphasis added). The First Circuit has explained that although the "traditional rule is that the generality of a warrant cannot be cured by the specificity of the affidavit which supports it[,] . . . . [a]n affidavit may be referred to for purposes of providing particularity if the affidavit accompanies the warrant and the warrant uses suitable words of reference which incorporate the affidavit." Rivera Rodriguez v. Beninato, 469 F.3d 1, 5 (1st Cir. 2006) (internal citations and quotation marks omitted); see also Groh v. Ramirez, 540 U.S. 551, 557-58 (2004) ("We do not say that the Fourth Amendment prohibits a warrant from cross-referencing other documents.") Under this caselaw, a court

2

may "construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant." Id.

The defense argues that because Addendum A was not presented to the state court judge, he did not have before him a particular description of the items police wanted to seize from Mr. Lyons' residence. The defendant acknowledges that Trooper Rusollilo's affidavit accompanied the warrant, which explicitly incorporated by reference the affidavit. See Def. Ex. 1 at USAO-2442 ("Proof by affidavit, which is hereby incorporated by reference . . . .") Moreover, the entire text of Addendum A appears verbatim in Trooper Rusollilo's affidavit. See Rusollilo Aff. at 113-114 (¶ L-Q). The items to be seized listed in Addendum A are set forth with particularity in Trooper Rusollilo's affidavit. Nonetheless, the defense argues that reliance on that affidavit for particularity as to the items to be seized from 192 Hale Street would be tenuous because the affidavit does not set forth with particularity the list of items to be seized from Lyons' home as opposed to other locations.

However, this text appears in the affidavit in a section describing items to be seized related to "Illegal Gaming," id. at 113, and an earlier section of the affidavit explains that Trooper Rusollilo believed that "evidence of Eremian's gaming criminal enterprise will be found . . . inside Lyons residence

3

located at 192 Hale Street, Beverly, Massachusetts." <u>Id.</u> at ¶ 181. Thus, the affidavit sets forth with particularity the items to be seized from Defendant Lyons.

Importantly, the government emphasizes the undisputed fact that the officers and agents on the scene during the search of 192 Hale Street served a copy of the search warrant with Addendum A attached on the defendant. The possession by law enforcement officials on the scene of the list of items to be seized at the time of the search demonstrates persuasively that the search was limited in scope and permissible. <u>See</u> <u>Groh</u>, 540 U.S. at 560 (suggesting a search is permissible where the particular items to be seized are not listed in the warrant but the warrant incorporates an affidavit and the affidavit is present at the search).

## ORDER

The motion to suppress based on the failure to attach Addendum A to the search warrant is **DENIED**.

<u>/s/ PATTI B. SARIS</u>
PATTI B. SARIS
United States District Judge